[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11904
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00014-MW-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON EDWARD SIMMONS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 4, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Brandon Edward Simmons appeals his conviction for attempted enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). Simmons raises multiple claims of error.  First, he contends the evidence was insufficient to show that he believed he was communicating with a minor or that he attempted to entice her to in engage in sexual activity.  Simmons also argues the Government entrapped him and otherwise engaged in "outrageous conduct" throughout its investigation.  Finally, Simmons also challenges the district court's admission of certain evidence.  Upon review, we reject Simmons' arguments and affirm his conviction.

A.    *Sufficiency of the Evidence*[1]

In arguing that the evidence was insufficient to support his conviction, Simmons points to a number of facts he contends undermine the Government's case.  For example, Simmons argues a text message he sent on his way to meet "Rebecca," the fictitious "victim" invented by the Government as part of its investigation, demonstrates that he did not believe she was a minor.  Specifically, Simmons set "Rebecca" a text that read, "I'm just surprised that you're 18 and you still haven't had sex."  He also points to an adults-only notice posted on the website through which he communicated with "Rebecca."  However, in their

---

[1] We review *de novo* whether evidence is sufficient to support a conviction, drawing all reasonable factual inferences from the evidence in favor of the verdict.  *United States v. Beckles*, 565 F.3d 832, 840 (11th Cir. 2009).

second communication, "Rebecca" told Simmons that she was 14 years old and asked whether that was okay.  Simmons responded that it was and that he "connect[ed] better with younger people."  On various occasions, Simmons also asked "Rebecca" why she was not in school at a given time, what grade she was in,[2] or why she was up so late.  These facts provided a sufficient basis for the jury's finding that Simmons believed "Rebecca" was a minor.  The countervailing facts Simmons emphasizes show merely that the jury might have reached other reasonable results.  They do not show that no reasonable jury could have convicted Simmons, which is the standard required for a sufficiency-of-the-evidence challenge.  *Id.* at 840-41.

Similar reasoning applies to Simmons argument that the evidence was insufficient to show that he attempted to entice "Rebecca."  Simmons suggests that evidence shows that "Rebecca" was, in fact, enticing him rather than the other way around.  However, early in their communications, "Rebecca" expressed concern about her age and sexual inexperience.  Simmons assured "Rebecca" that her age was not a problem and that he would "love to help teach" her about sex.  These sorts of assurances are a sufficient form of enticement under § 2422(b).  *See United States v. Yost*, 479 F.3d 815, 819-20 (11th Cir. 2007).  Accordingly, even if other reasonable interpretations of the evidence were impossible, Simmons has not

---

[2] "Rebecca" told Simmons that she was in eighth grade.

3

shown that a reasonable jury could not have convicted him beyond a reasonable doubt, and his sufficiency-of-the-evidence argument thus fails.

B.    *Entrapment & Outrageous Conduct*

An entrapment defense requires (1) government inducement of the crime and (2) the defendant's lack of predisposition to commit the crime before the inducement. *United States v. Orisnord*, 483 F.3d 1169, 1178 (11th Cir. 2007). Because Simmons did not present entrapment or outrageous-conduct arguments to the district court or rely them his motion for a judgment of acquittal, we review for plain error.[3] *United States v. Hunerlach*, 197 F.3d 1059, 1068 (11th Cir. 1999).

Simmons' entrapment arguments fail because he has done no more than show "the government's mere suggestion of a crime or initiation of contact[, which] is not enough." *United States v. Brown*, 43 F.3d 618, 623 (11th Cir. 1995). Simmons' Internet posting advertised his desire to participate in someone's first sexual experience, and when the Government responded as "Rebecca" and asked at the outset whether it was okay that she was only 14 years old, Simmons responded that he was "not concerned over age." Simmons expressed enthusiasm at the prospect of "teach[ing]" "Rebecca," a fourteen year old, about sex in response to her concerns about her inexperience. Thus, while the Government provided the

---

[3] Plain error requires (1) an error, (2) that was plain, (3) affecting  substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).

4

opportunity for Simmons to commit a crime, the evidence nevertheless demonstrated Simmons' own criminal predisposition, and Simmons cannot show that this predisposition was the product of anything amounting to "excessive pressure or manipulation of a non-criminal motive." *See id.*; *see also Jacobson v. United States*, 503 U.S. 540, 549-50 (1992) ("[W]here the defendant is simply provided with the opportunity to commit a crime, the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant's predisposition.")

Simmons' claim of "outrageous conduct" is similarly unavailing. As a preliminary matter, we have "never acknowledged the existence of the outrageous government conduct doctrine," *United States v. Jayyousi*, 657 F.3d 1085, 1111 (11th Cir. 2011), *cert. denied*, 133 S.Ct. 29 (2012), so it is doubtful that the district court's failure to overturn Simmons' conviction based on outrageous government conduct could constitute plain error. More fundamentally, Simmons has not shown that the Government's conduct was outrageous. Simmons' argument that the Government acted outrageously, which largely echoes his entrapment argument, does not show any conduct that violates "fundamental fairness" or is "shocking to [a] universal sense of justice." *United States v. Russell*, 411 U.S. 423, 432 (1973) (internal quotation marks omitted). Accordingly, this argument also fails.

*C.*      *Evidentiary Objections*

Last, Simmons argues the district court's admission of an exhibit consisting of six-pages of notes of the police's post-arrest interview with Simmons was a prejudicial abuse of discretion.[4]  Simmons argues the interview notes, taken on a prepared form, prejudiced him because they (1) suggested that Simmons spoke with an actual child, (2) implied that Simmons lied because some of the answers written contradicted each other, and (3) contained references to child pornography even though there was no evidentiary connection between Simmons and any pornographic material.

Assuming the district court admitted the interview notes in error, this error was harmless.  The notes contained no incriminating evidence beyond the otherwise-admissible answers Simmons gave in his post-arrest interview.  The notes' reference to "Rebecca" as a "child" was not prejudicial because, given the overall evidence, there was little chance the notes would cause the jury to believe an actual child was involved in the case.  Similarly, the references to child pornography were likely not prejudicial, because the notes specifically indicate that Simmons said he did not possess any child pornography.  Last, there is no

---

[4] We review evidentiary rulings for an abuse of discretion, *United States v. Duran*, 596 F.3d 1283, 1296 (11th Cir. 2010), and apply the harmless-error standard, *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005).  An erroneous evidentiary ruling is prejudicial (or not harmless) when it "ha[s] a substantial influence on the outcome of a case or leave[s] grave doubt as to whether [it] affected the outcome of a case."  *United States v. Frazier*, 387 F.3d 1244, 1266 n.20 (11th Cir. 2004) (en banc) (internal quotation marks omitted).

indication that the unspecified contradictions the notes attributed to Simmons undermined his credibility and thereby substantially influenced the outcome of the case.  Consequently, nothing about the admission the exhibit calls the verdict into grave doubt, and any error in its admission was harmless.  *See Henderson*, 409 F.3d at 1300.

**AFFIRMED.**